In re Steven W. CLARK, Debtor.

Janet Sue WELLNER, previously
Janet Sue Clark, Plaintiff,

v.

Steven W. CLARK, Defendant.

Bankruptcy No. 95–40930–172.
Adv. No. 95–4483–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

April 2, 1997.

Stuart J. Radloff, Trustee, Clayton, MO.

Robert G. Raleigh, Alton, IL, for Plaintiff.

Mark Samila, St. Louis, MO, for Debtor/Defendant.

### *MEMORANDUM*

JAMES J. BARTA, Chief Judge.

Janet Sue Wellner ("Plaintiff") appeared in person and by Counsel at the Trial in this matter and presented testimony and evidence in support of her Amended Adversary Complaint to determine that certain debts are not dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (15). Counsel for Steven W. Clark ("Debtor") appeared and announced that the Debtor had failed to respond to his written and oral requests concerning the trial of this matter. On consideration of the rec-

ord as a whole, Debtor's Counsel's request to continue this trial was denied.

This is a core proceeding pursuant to Section 157(b)(2)(*l*) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 9.01 (formerly Rule 29) of the Local Rules of the United States District Court for the Eastern District of Missouri. These determinations and orders are the final determinations and orders of the Bankruptcy Court.

The Parties' marriage of slightly more than eleven years was dissolved by an Order of the Madison County, Illinois Circuit Court on December 23, 1993. On May 10, 1994, the Illinois Circuit Court entered its "Judgment of Dissolution of Marriage" adopting the Parties' Stipulation regarding issues of custody, support, maintenance and distribution of personal property. *See Plaintiff's Exhibit A.* The Plaintiff's amended complaint has requested that the Court find that substantially all of the awards to her as Respondent in the judgment of dissolution be determined to be nondischargeable either as being alimony, maintenance or support pursuant to Section 523(a)(5), or as being other than alimony, maintenance and support but not within the exclusions of Section 523(a)(15). In his response to the Amended Complaint, the Debtor has raised as affirmative defenses Sections 523(a)(15)(A) and (B), arguing that he does not have the ability to pay these debts, or that discharging the debts will not result in a benefit to himself that outweighs the detrimental consequences to the Plaintiff. Prior to the trial of the Adversary Complaint, the Debtor stipulated and agreed that certain of the awards were nondischargeable. The following items refer to paragraph numbers in Plaintiff's Exhibit "A", and by agreement are nondischargeable as being alimony, maintenance or support, under Section 523(a)(5).

7) Debtor to pay $135.00 per week as and for child support, until further order of the Madison County Circuit Court;

8) Debtor to pay Plaintiff $2,685.00 for past due child support;

9) Plaintiff awarded one-half of the marital interest in the Debtor's pension and retirement benefits attributable to the Debtor's employment with Pre–Coat Metals;

14) Debtor to pay the Plaintiff $250.00 per month for 24 months as maintenance;

The question of the dischargeability of the remaining awards in the Madison County judgment was submitted to the Court and will be determined here on a consideration of the record as a whole. As a result of the Debtor's failure to cooperate with his attorney, and as a result of his unexplained failure to appear at this trial, no witnesses were presented on his behalf. The Court's deliberations here included a consideration of the Debtor's Schedules and Statement of Affairs.

The following list is a summary of the items that remain at issue. The numbers correspond to the numbered paragraphs in Plaintiff's Exhibit "A", **Judgment of Dissolution of Marriage.**

11) That the Debtor maintain, pay for, and fully discharge any and all premiums and other expenses associated with the life insurance policy insuring the life of the Debtor with the minor children as the beneficiaries;

12) That the Debtor pay the Plaintiff the judgment amount of $500.00 for the value of the Crestliner boat sold by the Debtor to his brother during the settlement period;

13) That the Debtor maintain and pay for medical insurance for the children through the group health care policy available through his employment and share equally the medical expenses incurred for health care of the children that are not covered by insurance;

(Included in the Plaintiff's request was that the Court find nondischargeable 100% of those amounts the Plaintiff advanced for medical expenses that were subsequently reimbursed to the Debtor in full by the group health plan and one half the amounts spent on non-covered medical expenses.)

16) That the Debtor hold harmless the Plaintiff as to the deficiency following the foreclosure on the marital home. In the Judgment of Dissolution, the Debtor

was awarded possession of the marital home and was to pay and fully discharge any and all financial obligations on the home;

18) That the Debtor fully discharge the debt on the 1994 Ford Tempo in possession of the Plaintiff and pay the Plaintiff's monthly car payment of $175.00;

20) That the Debtor immediately sell the "Camden County real estate" and the Plaintiff receive 40% of the proceeds;

21) That the Debtor pay the Plaintiff's attorneys fees pursuant to the judgment awarded to her in the Judgment of Dissolution. The fees total $4,890.23.

■ The Plaintiff's uncontroverted testimony was that the settlement was the result of long negotiations, and that she accepted less in amount and duration of maintenance and support in exchange for the hold harmless agreements and the Debtor's agreement to fully discharge certain debts. The burden of proof to establish nondischargeability pursuant to Section 523(a)(5) falls to the Plaintiff. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### Section 523(a)(5)

■ The state court made the finding that, in consideration of the relevant factors set forth under Illinois law at 750 ILCS, 5/504, the Plaintiff was unable to provide for her sustenance and support through her employment, and that she lacked sufficient income and property to reasonably provide for herself and her children. **Plaintiff's Exhibit "A" at ¶ 14.** The bankruptcy court determination under Section 523(a)(5) must be based on the circumstances that are shown to have existed at the time of entry of the dissolution decree, or the entry of the judgment and awards. *See In re Kline,* 65 F.3d 749, 751 (8th Cir.1995); *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983); and *Hill v. Hill,* 184 B.R. 750 (Bankr.N.D.Ill.1995). The Debtor's schedules and statement of affairs and the Plaintiff's testimony have established that the Debtor's gross income at the time of entry of the dissolution decree, and also at the time of filing the Chapter 7 Petition was at least two and one half times that of the Plaintiff. Based upon the Plain-

tiff's testimony concerning the Parties' economic circumstances, the record of the state court proceedings, and upon consideration of the entire record in this proceeding, the Court finds and concludes that certain of the awards as set out below are nondischargeable as being in the nature of maintenance, alimony, or support for the Plaintiff and/or the children pursuant to Section 523(a)(5).

■ As provided by paragraph 11 of the Judgment of Dissolution, the Debtor's obligation to maintain, pay for, and fully discharge any and all premiums and other expenses associated with the life insurance policy insuring the life of the Debtor with named beneficiaries being the minor children of the Parties until further order of the Madison County Circuit Court, is not dischargeable in this case. *In re Pierce,* 142 B.R. 308, 309 (Bankr.E.D.Ark.1992); *In re Barac,* 62 B.R. 713, 717 (Bankr.E.D.Mo. 1985).

■ As provided by paragraph 13 of the Judgment of Dissolution, the Debtor's obligation to purchase, maintain, pay for, and fully discharge any and all premiums associated with the health care insurance group policy available through the Debtor's employment until further order of the Madison County Circuit Court, and the Debtor's obligation to pay one-half of any and all uninsured medical, dental, optical, or related expenses are nondischargeable. *In re Draper,* 790 F.2d 52, 54 (8th Cir.1986). Medical expense amounts advanced by the Plaintiff that were subsequently reimbursed to the Debtor through the group health plan are nondischargeable debts owed to the Plaintiff in the full amount of the reimbursement. One half of the remainder of the medical expense amounts advanced by the Plaintiff are not dischargeable debts owed by the Debtor.

■ The Plaintiff testified that she is the sole obligee on the note for the 1994 Ford Tempo awarded to her. The economic disparity between the Plaintiff and the Debtor supports a finding that the Debtor's obligation pursuant to the Judgment of Dissolution to make the car payments and to hold the Plaintiff harmless on the Tempo was in the nature of support and not in the nature

of a property settlement. A reliable means of transportation is particularly valuable to a family with minor children, and in this case is also necessary for the continued employment of the Plaintiff. The Court finds and concludes that the award of the Tempo to the Plaintiff and the Debtor's obligation to pay the debt and hold her harmless is in the nature of support for the Plaintiff and the children of the Debtor and is nondischargeable. *In re Swiczkowski,* 84 B.R. 487, 490 (Bankr.N.D.Ohio 1988). As provided in paragraphs 17 and 18 of the Judgment of Dissolution, the Debtor's obligation to pay, fully discharge, and hold the Plaintiff harmless on any and all associated purchase money security interest obligations regarding the monthly car payments in the amount of $175.00 per month is nondischargeable.

■ The Court finds and concludes that in the circumstances of this case, the judgment for Plaintiff's attorneys fees is in the nature of support for the Plaintiff. Therefore, as provided in paragraph 21 of the Judgment of Dissolution and in the Order attached thereto, attorneys fees in the amount of $4,890.23 are nondischargeable. *In re Kline,* 65 F.3d 749, 750 (8th Cir.1995).

### Section 523(a)(15)

Frequently, agreements that are negotiated in dissolution proceedings do not result in obligations that are easily categorized as being either in the nature of support or as being a property settlement. Prior to the enactment of Section 523(a)(15), those debts that were determined to be other than maintenance, alimony or support were dischargeable under Section 523(a)(5). One of the reasons for the 1994 amendment to the Bankruptcy Code that became Section 523(a)(15) was Congress' realization that certain "hold harmless" and property settlement obligations are made in exchange for a reduction in alimony payments. **H.R.Rep. No. 103–835, 103d Cong. 2nd Sess. (1994);** [U.S.Code Cong. & Admin.News 1994, p. 3340] 104.

In response to this realization, Congress created a presumption of nondischargeability for certain debts such as property settlement obligations. A debt not of a kind described in Section 523(a)(5) is not dischargeable if it is

> incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with state or territorial law by a governmental unit....

**11 U.S.C. § 523(a)(15).**

Although the presumption may arise purely by operation of law, without further action, it does not continue in perpetuity. Section 523(c) states that the debtor shall be discharged from a debt of a kind specified in Section 523(a)(2), (4), (6) or (15), unless on request of the creditor, the Court determines that the debt is excepted from discharge under paragraphs (2), (4), (6) or (15) of Section 523(a). A complaint to determine dischargeability pursuant to Section 523(c) in a Chapter 7 case must be filed not later than 60 days following the first date set for the meeting of creditors. **Rule 4007, Federal Rules of Bankruptcy Procedure ("F.R.B.P.").** Therefore, the dischargeability issues under Section 523(a)(15) will almost always be presented to the Court through a creditor's timely filing of an adversary complaint.

■ If the issues under Section 523(a)(15) have been joined in a timely-filed adversary complaint, and it has been determined that the debts are other than those described in Section 523(a)(5), the burden of going forward to rebut the presumption and establish that the debts are dischargeable lies with the debtor. *See In re Florio,* 187 B.R. 654 (Bankr.W.D.Mo.1995); *In re Silvers,* 187 B.R. 648 (Bankr.W.D.Mo.1995); *In re Becker,* 185 B.R. 567 (Bankr.W.D.Mo.1995).

The presumption may be rebutted if the debtor establishes that he or she does not have the ability to pay the debt from his or her income or property that is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. **11 U.S.C. § 523(a)(15)(A).** Alternatively, the debtor may rebut the presumption by establishing that discharging the debt would result in a benefit that outweighs the detrimental conse-

quences to a spouse, former spouse, or child of the debtor. 11 U.S.C. § 523(a)(15)(B).

Subsection (A) looks only at the debtor's ability to pay. *In re Henson,* 197 B.R. 299, 304 (Bankr.E.D.Ark.1996). An analysis of the debtor's ability to pay must examine the debtor's present circumstances and future financial prospects including an ability to make minimum monthly payments, rather than a snapshot of the debtor's current ability to pay. *In re Schmitt,* 197 B.R. 312, 316 (Bankr.W.D.Ark.1996), *In re Florio,* 187 B.R. 654, 657 (Bankr.W.D.Mo.1995). Subsection (B) requires a benefit/detriment analysis as to both parties as of the time of the trial in the Adversary Proceeding and beyond. The court may consider various factors including: continuing obligations, responsibility for dependents, employability, any restrictions to personal life or family detriment that would result, finances, needs, and general merits of each party's position. *Henson,* 197 B.R. at 304.

The Court finds and concludes that all of the items remaining at issue are not of the kind described in Section 523(a)(5). They were not specifically identified as maintenance, alimony or support in the state proceedings, and nothing else suggests that they are other than a property settlement. The Plaintiff's Amended Complaint has raised the issue of dischargeability under Section 523(a)(15), and the Debtor has affirmatively pleaded the defenses under both Subsection (A) and Subsection (B) of Section 523(a)(15). Therefore, the dischargeability of the judgment awarded the Plaintiff for the value of the boat, the award of the 40% interest in the Camden County real property, and the hold harmless agreement on the joint debt of the Plaintiff and the Debtor as to the former marital home must be analyzed under Section 523(a)(15)(A) and (B).

The evidence supports the conclusion that these obligations were created pursuant to a judgment of dissolution of marriage. The record indicates that the Debtor continues to have a gross income of at least $2600.00 per month. It appears that at the time the Judgment of Dissolution was entered, the Madison County Court attempted to more or less equalize the household gross incomes of the Debtor and the Plaintiff; however, after the Dissolution was entered, the Plaintiff's household included the three children. At the time of the trial in this Adversary Proceeding, the Debtor's obligation to pay the Plaintiff $250.00 monthly alimony had ceased. Additionally, in his bankruptcy papers, the Debtor listed an unencumbered "lake lot" valued by the Debtor at $1,400.00. **Debtor's Schedules B # 33 and C (the lake lot was not listed on Schedule A).** The bankruptcy estate's interest in this property has been abandoned by the Trustee. **Trustee's Report of No Distribution filed March 27, 1995.** Therefore, the Court finds and concludes that the Debtor's financial position appears to have improved since the time of the dissolution proceeding, and that the Debtor has the ability to make at least minimum payments in order to pay the Madison County Judgment debts from income and/or property that is not reasonably necessary for his support, as set out in Section 523(a)(15)(A).

Under Section 523(a)(15)(B) a debtor must establish that discharging these debts would result in a benefit to the debtor that would outweigh the detrimental consequences to the ex-spouse or children. Although property settlement and similar awards in a dissolution proceeding usually involve a series of separate divisions and distributions, the structure of Sections 523(a)(15)(A) and (B) provides little support for a Court's individual analysis of each item. The result is that in almost every instance, a debtor will either rebut the presumption of nondischargeability as to all items, or a debtor will fail to rebut the presumption of nondischargeability as to all items.

In the matter being considered here, the Plaintiff has established that the economic disparity that exists between these parties is likely to continue and perhaps increase in the future. The Madison County Judgment was intended to provide a balance between the parties' financial positions. The Plaintiff's testimony established that she had agreed to a lesser award of maintenance in exchange for the Debtor's agreement to transfer certain property, to pay certain obligations, and

to hold the Plaintiff harmless as to certain debts.

■ In practice, the exception to discharge for "hold harmless" agreements may not provide protection from creditors for the non-debtor spouse. The debts owed to the joint creditors are discharged as to the debtor only. The obligation that is not dischargeable in these situations is a debtor's responsibility to hold his non-debtor, ex-spouse harmless. The non-debtor ex-spouse may look to the debtor for reimbursement pursuant to any nondischargeable "hold harmless" obligations, but the non-debtor ex-spouse is not immune from pursuit by the primary joint creditors. **See H.R.Rep. No. 103–835, 103d Cong. 2nd Sess. (1994);** [U.S.Code Cong. & Admin.News 1994, p. 3340] 104; *In re Stegall,* 188 B.R. 597, 598 (Bankr.W.D.Mo.1995).

The record in this matter did not specifically set forth the amount of any deficiency owed on the former marital home. In the Judgment of Dissolution dated May, 1994, the Madison County court found that the fair market value of the property was $25,000.00 and that there existed two mortgages encumbering the property in the total amount of $37,000.00. The Debtor's schedules report that the home was foreclosed upon in April, 1994 and that the amounts remaining due the two creditors total $37,637.53. There is no indication in the Debtor's schedules that any proceeds of sale were credited against the amounts owed. Thus, the record is unclear as to whether or not any deficiency remains unpaid. For purposes of this consideration, the Court has assumed that an unspecified amount is still owed on the home loans.

On consideration of the record as a whole, the Court finds and concludes that not only has the Debtor failed to establish that he does not have the ability to pay these debts as set out at Section 523(a)(15)(A), but further, that the Plaintiff has shown that the Debtor in fact possesses the ability to pay the obligations from present and future non-exempt assets, as he had agreed to do in the dissolution proceeding.

The Debtor's failure to appear in this matter has limited the Court's analysis under Section 523(a)(15)(B) to the testimony and argument at trial and the Debtor's Bankruptcy file. The total amount of liabilities that the Debtor has scheduled for discharge is approximately $63,000.00. The Plaintiff has testified that if the Debtor is relieved of his obligations under the divorce decree, her ability to support herself and her children would be severely impacted. It is very likely that she will be forced to file her own Bankruptcy Petition if she is not successful in this proceeding. The Court finds and concludes that in these circumstances, a discharge of these obligations would be a substantial detriment to the Plaintiff that would outweigh the Debtor's need for a fresh start. **See H.R.Rep. No. 103–835, 103d Cong.2d Sess. (1994); [U.S.Code Cong. & Admin.News 1994, p. 3304] 104.** The Debtor has failed to rebut the presumption of nondischargeability under either Section 523(a)(15)(A) or 523(a)(15)(B).