**In re Lisanne M. ALLMAN, Debtor.**

**James J. Allman, Plaintiff,**

v.

**Lisanne M. Allman, Defendant.**

**Bankruptcy No. 01–43704–293.**
**Adversary No. 01–4137–293.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 22, 2001.

David A. Sosne, Summers, Compton, Wells & Hamburg, St. Louis, MO, for Debtor/Defendant.

James J. Allman, St. Louis, MO, pro se.

Charles W. Riske, Radloff & Riske, St. Louis, MO, trustee.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Plaintiff James J. Allman and Debtor/Defendant Lisanne M. Allman were divorced in June 2000. James brought this adversary proceeding to challenge the dischargeability of a state court judgment concerning a debt incurred from the sale of the couple's marital home. After a trial on this matter the Court has determined that this debt is dischargeable under 11 U.S.C. § 523(a)(15).

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

Plaintiff and Defendant were divorced on June 29, 2000. Defendant Lisanne Allman filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330, on April 2, 2001. Plaintiff James Allman filed this adversary proceeding on April 13, 2001.

James alleges in his Complaint that the couple's divorce decree mandated that James and Lisanne share the profit or loss from the sale of their marital home. James alleges that the home was sold for a loss and that he paid for the entire deficiency. He asserts that he was unsuccessful in getting his former wife to pay for her share of the deficiency. James sued Lisanne in state court to enforce the settlement provisions of the couple's divorce decree. He received a judgment in the amount of $19,903.34 and sought to collect it through garnishment efforts. Lisanne subsequently filed for bankruptcy protection under Chapter 7. James seeks to have his judgment declared excepted from discharge under 11 U.S.C. § 523(a)(5) and § 523(a)(15).

A trial was conducted on July 30, 2001 and the matter was taken under advisement.

### FINDINGS OF FACT

The Court makes the following findings of fact based on the pleadings, affidavits, exhibits, and trial testimony:

1. James and Lisanne Allman received a divorce decree on June 29, 2000 from the Family Court Division of the Circuit Court of St. Louis County, Missouri.

2. The dissolution order noted that the couple's marital home was on the market. In the event that the house sold for less than the mortgage and costs of sale, the decree called for the couple to share equally in any deficiency. In addition, the decree called for Lisanne to pay one half of the mortgage payments made from September 1, 2000 until the property was sold.

3. The house was sold and a deficiency was incurred. James sought payment from Lisanne for the deficiency and for her half of the mortgage payments owed under the decree. James was unsuccessful in obtaining payments from Lisanne.

4. James sued Lisanne to enforce her financial obligations under the divorce decree concerning the sale of the house. On March 12, 2001, James received a judg-

ment for $19,903.64 from the Family Court Division of the Circuit Court of St. Louis County, Missouri. The judgment was for Lisanne's obligations incurred from the sale of the house and included an award for attorney's fees.

5. In an effort to collect the judgment, James garnished Lisanne's wages and bank account. He subsequently returned the garnished funds.

6. On April 2, 2001, Lisanne filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

7. On April 13, 2001, James filed an adversary complaint seeking to prevent the discharge of his judgment against Lisanne. James asserted that his judgment was excepted from discharge under 11 U.S.C. § 523(a)(5) and § 523(a)(15).[1]

8. Lisanne has primary custody of the couple's two children. Her annual income is approximately $35,000.00. The only vehicle she owns is a 1990 Volvo 240 in which the air-conditioning does not work and the muffler needs to be repaired.

9. James pays $1000.00 per month in child support. He currently earns $81,000.00 annually. He owns a model year 2000 Saab.

## *DISCUSSION*

James challenges the dischargeability of the state court judgment awarding him $19,903.64 for Lisanne's obligations arising from their divorce decree. Lisanne does not contest that the judgment concerned a debt that arose from the couple's divorce. She contends, however, that the judgment was not in the nature of support or maintenance under § 523(a)(5) but rather was debt other than in the nature of alimony, maintenance, or support encompassed un-

der § 523(a)(15). She argues that the debt should be excepted from discharge because she does not have the ability to pay the debt from her income or property. In the alternative, Lisanne argues that the discharge of the debt would result in a benefit to the her that outweighs the detrimental consequences to James.

Section 523 of the Bankruptcy Code excepts from discharge certain enumerated debts. Two of those exceptions apply to obligations by a debtor to a spouse, former spouse, or child pursuant to a divorce decree. Section 523(a)(5) provides an exception to discharge for debts in the nature of "alimony, maintenance, or support." Section 523(a)(15) provides an exception to discharge for a debt "not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation...." Between them, §§ 523(a)(5) and (15) would cover all debts owed by a debtor to a spouse, former spouse, or child resulting from a divorce or dissolution.

## Section 523(a)(5)

Section 523(a)(5) provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ...

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that ...

---

**1.** The Complaint alternatively sought relief under 11 U.S.C. § 523(a)(6) but this claim was voluntarily withdrawn by Plaintiff in his motion to amend by interlineation filed on May 29, 2001.

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5). Under this section a debt that is actually in the nature of alimony, maintenance or support of a spouse, former spouse, or child of the debtor is nondischargeable in bankruptcy. *Scholl v. McLain (In re McLain)*, 241 B.R. 415, 419 (8th Cir. BAP 1999) (quotations and citations omitted). It is the actual nature of a debt, not its designation in the divorce decree, which determines whether it is dischargeable or not. *Id.* In deciding whether to characterize an award as support or maintenance, a crucial issue is the intent of the parties and the function that the award was intended to serve at the time of the divorce. *Id.* (quotations and citations omitted). The burden of proof is on the creditor to establish that his claim falls under § 523(a)(5). *See Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

In his opening statement at the trial, James argued that his state court judgment fell under either § 523(a)(5) or § 523(a)(15). However, James failed to present any evidence that the state court judgment he received on March 12, 2001 enforced a debt that was in the nature of alimony, support or maintenance. The divorce decree specifically stated that neither party was to pay maintenance or support to the other party. The marital settlement and separation agreement drafted by the parties and adopted by the divorce court also specifies that neither party must pay maintenance or support to the other. The divorce decree and separation agreement also stated that the maintenance and support provision (noting that none was to be paid) was not subject to modification. Although the decree calls for James to make child support payments, that issue is not in dispute and does not support James' argument that the marital debt concerning the couple's house sale was in the form of spousal support.

At the close of James' case, Lisanne moved for a judgment as a matter of law on James' claim under § 523(a)(5). The Court granted the motion based on James' failure to present any evidence that his state court judgment reflected spousal maintenance or support mandated by the divorce decree. Therefore, James' § 523(a)(5) claim was denied at trial. The remaining issue for the Court is whether James' state court judgment should be excepted from discharge under § 523(a)(15).

**Section 523(a)(15)**

Under 11 U.S.C. § 523(a)(15), the Bankruptcy Code excepts from discharge any debt arising from a divorce other than in the form of alimony, support or maintenance. However, even if the debt arises from a divorce, § 523(a)(15) contains two opportunities for the debtor to avoid this exception to discharge by showing either that:

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15)(A) and (B). If either condition is established, then the debt should be discharged. *Fellner v. Fellner*

*(In re Fellner)*, 256 B.R. 898, 903 (8th Cir. BAP 2001).

A creditor has the burden of proof to establish that a debt owed to him by the debtor is exempt under § 523(a)(15). *Id.* at 902. (quotations and citations omitted). Once that is established, the burden of production and persuasion shifts to the debtor to prove either of the defenses. *Id.* at 902–03. A determination of dischargeability under § 523(a)(15) is concerned with the parties' economic position, health status and other conditions as they exist at the time of determination and beyond. *Wellner v. Clark (In re Clark)*, 207 B.R. 651, 656 (Bankr.E.D.Mo.1997).

Debtor Lisanne does not dispute that the judgment awarded to James qualifies under § 523(a)(15) as debt arising from a divorce other than in the form of alimony, support or maintenance. Instead, Lisanne asserts that this debt should be discharged under § 523(a)(15)(A) because she is unable to pay the debt from her income or property or, in the alternative, under § 523(a)(15)(B) because the benefit to her outweighs the detriment to James.

At trial, Lisanne established that her income and expenses had not changed since she filed her Schedules I and J with her bankruptcy petition. Those schedules reflect that her net income each month is $3,343.76 (including $1000.00 in child support paid by James) and that her expenses each month are $3,756.34. This leaves Lisanne with a monthly deficiency of $412.58. Lisanne testified that she is "barely making ends meet" and that she does not have the ability to pay the judgment awarded to James.

James did not challenge the accuracy of Lisanne's Schedules I and J. Nor did he submit any evidence that would counter Lisanne's evidence that her expenses exceed her income each month. The Court's review of Lisanne's Schedule J does not reveal any expenses which are inflated or which reflect non-essential expenses. The evidence did not indicate that Lisanne's income and expenses would change in the foreseeable future.

James did not present any evidence that Lisanne owned property which could be sold to satisfy his judgment. Lisanne's bankruptcy schedules do not list any property which could be used for that purpose. After considering the evidence in the record and the testimony given at trial the Court finds that Lisanne has met her burden of proof under § 523(a)(15)(A) by demonstrating that she does not have the ability to pay the debt to James from her income or property.

Alternatively, Lisanne's debt to James is dischargeable under § 523(a)(15)(B). At trial James testified that his annual salary is $81,000.00 per year and was being increased to $85,000.00 in September 2001. He did not present any evidence regarding his expenses which demonstrated that his financial position was equal to or in a worse condition than Lisanne's. To the contrary, James admitted that he has the ability to pay the debt but that the release of Lisanne's obligation to pay the debt is unfair. James argued that Lisanne made an agreement to pay this debt in the divorce proceeding and that she should be held liable for her share of debt under that agreement.

Lisanne testified that imposing this debt upon her would make her financial situation very difficult because she is barely able to meet her current expenses. Based on the evidence and trial testimony, the Court finds that the benefit to Lisanne of discharging this debt outweighs the detrimental consequences to James: Lisanne has met her burden of proof to have the

debt to James discharged under § 523(a)(15)(B).

The Court understands James' clear frustration over being prevented from collecting a judgment based on his divorce decree from his former spouse. However, the Bankruptcy Code's goal of allowing a fresh financial start to debtors like Lisanne takes precedence when, as in this case, the debtor has proved that she is entitled to a discharge of that debt under § 523(a)(15)(A) or (B). In the present case, Lisanne has established that she is entitled to relief under both § 523(a)(15)(A) and (B). Accordingly, the debt contested herein is deemed to be dischargeable.

An Order consistent with this Memorandum Opinion will be entered this date.