**In re James Thomas BURNS, Debtor.**

**Judith A. BURNS and Allan H. Zerman, Plaintiffs,**

v.

**James Thomas BURNS, Defendant.**

**Bankruptcy No. 92–42253–293.**
**Adv. No. 92–4270.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 26, 1993.

Plaintiff. *In re Dallam*, 850 F.2d 446, 449 n. 2 (8th Cir.1988); *In re Long*, 44 B.R. 300, 308 (Bankr.D.Minn.1983), *aff'd*, 774 F.2d at 876–877 n. 1.

Allan H. Zerman, Cary J. Mogerman, Clayton, MO, for plaintiffs.

Carl Katzen, St. Louis, MO, for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

(1) On March 27, 1992, James Thomas Burns filed with this Court, a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

(2) Debtor, in his schedules listed among the unsecured, non-priority claims his former wife, Judith Ann Burns, as his codebtor on debts exceeding $200,000.00, including a $30,000.00 debt to Allan H. Zerman, her attorney and described this debt as one owed for:

"Judgement/AttyFee (sic), Costs

Cause 575368, Appeal 59893/59940 Incl.Mtns.Pending in Cir.Ct."

(3) On June 26, 1992 Plaintiffs, Judith A. Burns and Allan H. Zerman, filed a Complaint Objecting to Discharge, based on the Decree of Dissolution (Decree) and pursuant to 11 U.S.C. § 523(a)(5) and (6), seeking to deny the debtor's discharge of:

(a) certain debts which the state dissolution court had ordered the debtor to pay and to hold Judith Burns harmless, pursuant to the indemnification provisions of the Decree; and

(b) Allan H. Zerman's attorney fees as awarded by the Decree.

(4) This Court, on October 22, 1992, entered an order granting the parties leave to submit this cause on briefs, along with an authenticated copy of the Decree and a copy of the trial transcript from the dissolution of marriage proceedings. Briefs were timely filed by December 14, 1992, at which time the Court took this matter under submission.

FACTUAL BACKGROUND

After a consideration of the record, including the briefs and exhibits, the court makes the following findings of fact:

(1) Judith Ann Burns and James Thomas Burns were married on March 5, 1966 and separated on November 16, 1987.

(2) Mr. Zerman represented Ms. Burns in the dissolution of her marriage to James Thomas Burns.

(3) A Decree entered in the Circuit Court for the County of Saint Louis on January 9, 1991, dissolved the marriage of James and Judith Burns.

(4) The Honorable Ninian Edwards, of the Circuit Court of the County of St. Louis, presided over the three day trial of the Burnses' dissolution. Judge Edwards made extensive findings of fact and conclusions of law in the course of the twenty-four page Dissolution Decree. Among those findings and conclusions were the following that:

(a) Debtor has been gainfully employed during the entire marriage and has been the primary bread winner. He had been employed as a vice president at Mercantile Bank for the past several years and earned $90,075.00 in 1987,

$111,608.00 in 1988 and $85,321.00 in 1989; at the time of the dissolution, Debtor worked for McDonnell Douglas, Inc. where he earned $6,750.00 a month, exclusive of any bonus he might receive;

(b) In contrast, Judith Burns, 46 years old at the time of the dissolution, evidenced a degenerative condition in her hip which would soon require major surgery and although a college graduate, she had only held part-time employment and should receive maintenance from Debtor in the amount of $1,500.00 a month for 36 months;

(c) Debtor should pay to Judith Burns the amount of $1,200.00 each month to support the couple's two minor children;

(d) "The Court has the authority to provide in its Decree for the payment of specific debts. *Smith v. Smith*, 681 S.W.2d 11, 12 (Mo.App.1984); *In re Smith*, 652 S.W.2d 743, 743–44 (Mo.App. 1983); *N.J.W v. W.E.W.*, 584 S.W.2d 148, 151 (Mo.App.1979)." (Decree, ¶ 61);

(e) "The respective earning capacities of the parties are set forth above as well as the Court's findings that Husband is in large part responsible for amassing these debts." (Decree, ¶ 62);

(f) "The Court finds the maintenance described hereinabove would be inadequate to support Wife if the Court did not impose the obligation of debt repayment upon Husband. Further, the Court finds that imposing the obligation of repayment of these debts upon Husband would in some measure balance the disparate incomes of the parties." (Decree, ¶ 63);

(g) "The Court finds that if it did not impose the obligation of repayment of these debts upon Husband, that Wife would be entitled to a larger maintenance award, and that although this payment is not maintenance, it is necessary for Wife's support and the support of the minor children." (Decree, ¶ 64);

(h) "The Court has considered all relevant factors, and finds that Husband should bear the responsibility of paying the above described debts, and should

hold Wife harmless thereon...." (Decree, ¶ 65); [1]

(i) Debtor should pay Mr. Zerman $15,-531.63 representing fees and costs accrued in his representation of Judith Burns;

(j) "The Court finds the maintenance described hereinabove would be inadequate to support Wife if the Court did not impose the obligations of Wife's attorney's fees upon Husband. Further, the Court finds that imposing the obligation of Wife's attorney's fees upon Husband would in some measure balance the disparate incomes of the parties" (Decree, ¶ 71);

(k) "The Court finds that if it did not impose the obligation of Wife's attorney's fees upon Husband, that Wife would be entitled to a larger maintenance award, and that although this payment is not maintenance, it is necessary for Wife's support and the support of the minor children." (Decree, ¶ 72).

## DISCUSSION

The Plaintiffs based their allegations of nondischargeability on Section 523(a)(5) of the Bankruptcy Code which precludes the discharge of debts "to a spouse, or a child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court ..." 11 U.S.C. § 523(a)(5). Debtor argues that his obligation to pay Mr. Zerman's fees and his duty to pay the debts the Decree assigned to him are dischargeable. He maintains that Mr. Zerman's fees do not fall within the language of section 523(a)(5). Mr. Burns bases his assertion that Mr. Zerman's fees are not in the nature of support or maintenance on two grounds. First, he insists that because they are payable directly to and enforceable by Mr. Zerman the fees are not support. Second, he argues that the Dissolution Decree lacks language indicating that the fees are in the nature of support and that had the court intended for the fees to serve as maintenance it could have so stat-

ed in the Dissolution Decree. Debtor's brief does not specifically address the dischargeability of the debts the Decree assigned to him or of his obligation to hold his ex-wife harmless on those debts.

 The law is well settled in the Eighth Circuit that a debt owed to a third party can be in the nature of maintenance and, therefore, subject to denial of discharge under section 523(a)(5). *In re Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983). As this Court has indicated in its prior decisions applying section 523(a)(5), our task is to determine what function the decree's award was intended to serve, regardless of what the obligation is designated, and then to discharge it if it serves the function of a property settlement or deny discharge if it operates in the capacity of maintenance or support. *In re Maune*, 133 B.R. 1010, 1014 (Bankr.E.D.Mo.1991) (citing 703 F.2d at 1057). Judge Edwards stopped short of designating, as maintenance, the award of attorney's fees. This Court recognizes that the decision in *Ellis v. Ellis*, 802 S.W.2d 546, 549 (Mo.Ct.App. 1991) citing *In re Marriage of Jadwin*, 671 S.W.2d 9 (Mo.Ct.App.1984) precludes such a designation. However, the fact that a state court does not or cannot designate an award of attorney's fees to be maintenance does not bind this court, because the question of whether an award serves as maintenance for dischargeability purposes is a question of federal bankruptcy law. *In re Williams*, 703 F.2d 1055, 1056–57 (8th Cir. 1983). Here the Court is convinced Judge Edwards intended the award of attorney's fees to serve as maintenance. Contrary to Debtor's assertions, the above quoted passages from the Dissolution Decree clearly evidence the state court's intent that the award operate as maintenance. The state court Decree explicitly states that Debtor's failure to pay the fees owed to Mr. Zerman would render the maintenance awarded to Ms. Burns "inadequate"; the court's intent could not be clearer. The disparity in the earning potentials and incomes of James and Judith at the time of the dissolution supports the conclusion that the award of

---

1. Exhibit A to this opinion lists these debts.

attorney's fees serve a maintenance function.

 The state court was equally clear in the part of its Decree obligating Debtor to pay certain joint debts and to hold Judith Burns harmless for their payment. Again, the state court indicated in plain language that Judith Burns could not support herself on the court-ordered maintenance unless James Burns paid the specified debts and held her harmless for their payment. As with the attorney's fees award, the disparity in the earning potentials and incomes of James and Judith at the time of the dissolution supports the conclusion that Mr. Burns's duty under the Dissolution Decree to pay and hold Judith Burns harmless on the specified debts served a maintenance function.[2] Hence, section 523(a)(5) prohibits the discharge of Debtor's duty to pay these debts and to hold Plaintiff Judith Burns harmless for their payment. This Court reached a similar conclusion in *In re Maune*, 133 B.R. 1010 (Bankr.E.D.Mo. 1991). As we explained in that case, there is no point in distinguishing between Debtor's duty to pay the money owed the creditors of the debts the Dissolution Decree ordered him to pay and his corresponding duty to indemnify his ex-wife. *Id.* at 1014. Therefore, for the reasons explained in *In re Maune*, the Court will deny Debtor a discharge of the debts the Dissolution Decree ordered him to pay.

 An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

 For the reasons set forth in the Memorandum Opinion filed herewith, it is

ORDERED that

(1) Debtor's obligation to pay Mr. Zerman's attorney's fees awarded by the Circuit Court for the County of Saint Louis are nondischargeable under 11 U.S.C. § 523(a)(5);

(2) Debtor's obligation to hold Judith Ann Burns harmless for the payment of the debts listed in what is attached hereto as Exhibit A is nondischargeable under 11 U.S.C. § 523(a)(5); and

(3) Debtor's obligation to pay the debts listed in what is attached hereto as Exhibit A is nondischargeable under 11 U.S.C. § 523(a)(5).

## EXHIBIT A
### DEBTS

| Creditor | Loan Balance | Monthly Payment |
| --- | --- | --- |
| Society Corp. National Bank 96136962 | 4,338.10 (8/22/90) | 397.79 |
| Mega Bank of St. Charles Co. # 34754 | 1,239.47 (11/90) | 92.68 |
| Mega Bank of St. Charles Co. # 37427 | 4,238.62 (11/90) | 131.54 |
| (Cosignor w/Michael)–BFG Federal Credit Union | 11,945.00 (9/90) | 270.20 |
| BFG Federal Credit Union 109402 | 19,378.48 (7/11/90) | 571.31 |
| Boatmen's National Bank 30002206069 | 46.45 (9/17/90) | 25.00 |
| Bank One Visa 4384–962–303–156 | 4,166.71 (9/5/90) | 145.00 |

**2.** In his brief the Debtor refers to the fact that he is currently unemployed and implies therefore that this court should grant a discharge based the doctrine of "fresh start" and on an inability to pay his debts and comply with the Decree. Clearly, at the time of the Dissolution trial Mr. Burns was employed and Judge Edwards concluded that Mr. Burns had the ability to maintain gainful employment at a substantial wage and to pay the debts in accordance with the Decree. Any amendments to the Decree regarding the obligations of the parties under the state court's Decree, must be ordered, if appropriate, by the state court after taking into consideration any change in the economic circumstances of the parties.

EXHIBIT A—Continued

| Creditor | Loan Balance | Monthly Payment |
|---|---|---|
| Bank One Mastercard 5298–0110–2026–1514 | 4,038.74 (8/23/90) | 95.00 |
| Mercantile Bank Mastercard 4672–075–911–570 | 34.97 (9/9/90) | 231.00 |
| Citibank Visa 4271–3825–0776–7115 | 2,531.48 (8/22/90) | 140.00 |
| Citibank Mastercard 5424–1802–8076–3886 | 3,107.38 (8/27/90) | 106.61 |
| BFG Visa 4605–2178–7036–4008 | 2,945.84 (8/14/90) | 115.00 |
| Chevy Chase FSB Mastercard 5242–0040–8315–7999 | 4,812.67 (8/14/90) | 144.00 |
| Mercantile Bank of Illinois/MC 5152–9013–0002–1460 | 2,611.28 (8/27/90) | 130.00 |
| Famous Barr 08–041–798–3 | 2347.73 (8/30/90) | 40.00 |
| AFSA Data Corp.–Plus Loan | 1,844.84 (9/90) | 52.96 |
| Core States Visa 4262–4100–5004–6917 | 7,954.56 (10/15/90) | 269.00 |
| MBNA America 5329–0312–8808–3528 | 4,818.76 (11/1/90) | 130.00 |
| Discover 6011–0062–3004–2179 | 4,077.95 (10/23/90) | 50.00 |
| Famous Barr 16–040–821–7 | 2300.09 (9/90) | 40.00 |
| 1988 Federal Income Taxes (Federal Tax Lien filed vs. marital home, 9/11/89) | 8,644.87 | In Full |
| 1988 Real Estate Taxes | 2,355.83 | In Full |
| 1989 Real Estate Taxes | 2,288.49 | In Full |
| 1988–89 Subdivision Fees | 392.70 | In Full |
| St. John's Mercy Med. Center (4/89, for Bryan) | 969.75 (3/26/90) | In Full |
| Mary Heald | 5,000.00 8,000.00 | N/A |
| Jennifer Burns | 2,330.00 | |