# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4136

_____

David G. Adams,                                    *
                                                   *
        Appellee,                                 *
                                                   *  Appeal from the United States
    v.                                        *  District Court for the
                                                   *  District of North Dakota.
Kenneth S. Apfel, Commissioner of                  *
Social Security,                                   *
                                                   *
        Appellant.                                *

_____

Submitted: June 11, 1998
Filed: July 15, 1998

_____

Before BEAM, ROSS, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Dr. David Adams filed for disability benefits under Title II and Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-433 and 1381-1383d, alleging that he was disabled because of his alcoholism. Before Dr. Adams's claim was finally adjudicated, Congress amended the Act to deny alcoholism-based disability benefits.

The district court[1] held that the amendment did not preclude Dr. Adams from obtaining benefits related to his pre-amendment pending claim, and concluded that Dr. Adams was entitled to benefits. We disagree and reverse.

## I.

Dr. Adams has been an alcoholic since approximately 1981, when he was forty-five years old. In 1994, Dr. Adams applied for Supplemental Security Income benefits based on disability under Title XVI of the Act, and for disability insurance benefits under Title II of the Act. Dr. Adams alleged that he has been disabled since August 15, 1989, because of his alcoholism and resulting memory loss, panic attacks, and agoraphobia. In September 1994 the Social Security Administration (SSA) denied Dr. Adams's claim, concluding that he was not disabled. In 1995, an administrative law judge (ALJ) agreed with the SSA and found that Dr. Adams was not disabled. Effective March 29, 1996, Titles II and XVI of the Act were amended to "eliminate alcoholism as a basis for obtaining disability insurance and supplemental security income benefits." Newton v. Chater, 92 F.3d 688, 695 n.3 (8th Cir. 1996) (interpreting Contract with America Advancement Act of 1996, Pub. L. No. 104-121, § 105, 110 Stat. 847, 852-55 (1996 Amendment)). On May 7, 1996, the SSA Appeals Council declined to review the ALJ's decision, thus making the ALJ's decision the final determination of the SSA.

After the Appeals Council refused to review the ALJ's decision, Dr. Adams sought judicial review. The district court found both that Dr. Adams's alcoholism rendered him disabled under the pre-1996 Amendment version of the Act, and that the 1996 Amendment did not preclude Dr. Adams from receiving benefits. The Commissioner of Social Security (the Commissioner) subsequently filed a motion to

---

[1]This case was submitted to a magistrate judge upon consent of the parties under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

amend the final order, contending that the 1996 Amendment precluded any award of disability benefits to Dr. Adams based on his alcoholism. The district court disagreed and denied the Commissioner's petition. The Commissioner now appeals.

## II.

The sole issue we must decide is whether the 1996 Amendment precludes the award of alcoholism-based benefits to a claimant whose claim for benefits was filed, but was not finally adjudicated, before March 29, 1996--the effective date of the amendment.[2] The only circuit court to have addressed this issue has held that the amendment precludes such an award. See Torres v. Chater, 125 F.3d 166, 169-71 (3d Cir. 1997). We agree, and adopt the reasoning of the Torres court.

The plain language of a statute is the starting point in every case involving statutory construction. See Berger v. Bishop Inv. Corp., 695 F.2d 302, 310 (8th Cir. 1982). If the statute is clear and unambiguous, judicial inquiry is complete. See In re Erickson Partnership, 856 F.2d 1068, 1070 (8th Cir. 1988). A statute is clear and unambiguous when "it is not possible to construe it in more than one reasonable manner." Breedlove v. Earthgrains Baking Cos., 140 F.3d 797, 799 (8th Cir. 1998). In addition, we are "reluctan[t] to interpret a statutory provision so as to render superfluous other provisions in the same enactment." Freytag v. Commissioner, 501 U.S. 868, 877 (1991) (quotations omitted).

In amending the Act to eliminate disability benefits based on alcoholism, Congress explicitly provided that:

The amendments . . . shall apply to any individual who applies for, or

---

[2]The Commissioner does not challenge the district court's conclusion that Dr. Adams was "disabled" under the pre-1996 Amendment version of the Act.

whose claim is finally adjudicated by the Commissioner of Social Security with respect to, benefits under . . . the Social Security Act based on disability on or after the date of the enactment of this Act, and, in the case of any individual who has applied for, and whose claim has been finally adjudicated by the Commissioner with respect to, such benefits before such date of enactment, such amendments shall apply only with respect to such benefits for months beginning on or after January 1, 1997.

1996 Amendment, § 105(a)(5)(A), 110 Stat. at 853 (Title II benefits); see also 1996 Amendment, § 105(b)(5)(A), 110 Stat. at 854 (same language applied to Title XVI benefits). We conclude that the only reasonable interpretation of the amendment's plain language is that the amendment applies to preclude an award of alcoholism-based disability benefits for a claim that was filed, but not yet finally adjudicated, prior to March 29, 1996.

In this case, the relevant language is the phrase "on or after the date of the enactment." Like the Third Circuit, "[w]e are convinced that, grammatically, 'after the date of enactment' modifies the clause, 'whose claim is finally adjudicated by the Commissioner.'" Torres, 125 F.3d at 170.[3] Strong support for this interpretation "lies in the well-settled tenet of statutory construction that all provisions of the statute must be construed together to give each some independent meaning." Id. at 170-71. Construing the "on or after" clause to modify the word "disabled," as some district courts have done, see, e.g., Teitelbaum v. Chater, 949 F. Supp. 1206, 1212-13 (E.D. Pa. 1996), abrogated by Torres, 125 F.3d at 169-71, renders the "final adjudication" language superfluous and leads to incongruous results. See Torres, 125 F.3d at 171. Furthermore, the legislative history firmly supports this interpretation. See id.[4]

---

[3]We note that, while this case was pending on appeal, the district court reversed itself and also agreed with the Torres court's reasoning.

[4]Because the amendment clearly denies alcoholism-based benefits to claimants having claims that were not "finally adjudicated" prior to March 29, 1996, there is not

Because "[o]ur study of the statute convinces us that it is the date of adjudication, and not the time when disability exists, that triggers the application of the effective date," <u>Torres</u>, 125 F.3d at 171, we must determine whether Dr. Adams's claim was "finally adjudicated by the Commissioner" before March 29, 1996. We find that it was not. This court recently explained that a claim is "finally adjudicated" when the SSA Appeals Council denies a claimant's request for review of an ALJ's decision. <u>See</u> <u>Newton</u>, 92 F.3d at 695 n.3. In this case, the SSA Appeals Council denied Dr. Adams's request for review on May 7, 1996--more than one month after the effective date of the amendment. Accordingly, the 1996 Amendment precludes the award of any alcoholism-based benefits to Dr. Adams.[5]

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

---

any impermissible retroactive effect. <u>See</u> <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 280 (1994) (judicial bar against retroactivity will not arise if Congress expressed clear intent for statute to apply retroactively).

[5]Congress recently enacted a clarifying amendment to make its prior intent even clearer. On August 5, 1997, Congress amended the Act to clarify that a claim for disability benefits has not been "finally adjudicated" if "(i) there is pending a request for either administrative or judicial review with respect to such claim, or (ii) there is pending, with respect to such claim, a readjudication by the Commissioner of Social Security pursuant to relief in a class action or implementation by the Commissioner of a court remand order." Balanced Budget Act of 1997, Pub. L. No. 105-33, § 5525(a)(2), 111 Stat. 624.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.