# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

**No. 09-6079**

———

| | | |
|---|---|---|
| In re: Walter S. Marble, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Patricia Wallace, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| Plaintiff – Appellee, | * | District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Walter S. Marble | * | |
| | * | |
| Defendant – Appellant. | * | |

———

Submitted: March 11, 2010
Filed: March 31, 2010
(Revised to correct date of filing)

———

Before KRESSEL, Chief Judge, MAHONEY and VENTERS, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Walter S. Marble appeals from the bankruptcy court's[1] order granting Patricia Wallace's motion for judgment on the pleadings and denying his motion

---

[1]     The Honorable Kathy A. Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

1

for summary judgment. The bankruptcy court determined that the debt owed by Marble to Wallace under the hold harmless provision of their marital settlement agreement is not dischargeable. We affirm.

## BACKGROUND

Patricia Wallace and Walter Marble married in 1987. During their marriage, they signed an indemnity agreement with an insurance company, in connection with a contract related to a business owned by Marble and a business associate. Wallace was required to sign the agreement, although she was not involved in the business. Wallace and Marble later entered into a marital settlement agreement, under which Marble agreed to pay and defray the marital debts and liabilities and to indemnify Wallace and hold her harmless with respect to all marital debts, except for the mortgage on the marital residence. Wallace agreed to indemnify Marble and hold Marble harmless with respect to the mortgage on the marital residence. The MSA was incorporated into the judgment for dissolution of marriage entered on September 20, 2000.

On October 14, 2005, Marble filed a voluntary chapter 7 petition.[2] He did not list Wallace, his former spouse, as a creditor on his schedules or give her written notice of the case. Marble received his discharge on February 2, 2006. On August 10, 2007, Wallace and Marble were sued in Cook County Illinois Circuit Court for breach of the indemnity agreement. Because Marble's debt under the indemnity agreement had been discharged in his bankruptcy case, he was dismissed from the suit. Wallace then filed a cross-claim against Marble for indemnification under the hold harmless provision of their MSA.

---

[2] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (codified as amended in scattered sections of 11 U.S.C.), governs cases filed on or after October 17, 2005. Because this case was filed before the 2005 amendments, the prior version of the statute applies and except where noted, all references are to the pre-BAPCPA statute in effect in 2004.

On December 15, 2008, rather than litigate the dischargeability of this debt in state court,[3] Wallace filed an application to reopen Marble's bankruptcy case and on December 17, 2008, the bankruptcy court reopened the case for the purpose of determining the dischargeability of the debt.

On December 30, 2008, Wallace filed a complaint seeking a determination that Marble's obligation to Wallace under the hold harmless provision of the MSA is a debt that was not discharged pursuant to 11 U.S.C. §§ 523(a)(5) and (15). In response, Marble argued: 1) he did not need to list Wallace as a creditor in his bankruptcy petition because he did not owe her alimony, maintenance or child support; 2) there would not be any forthcoming marital debt; 3) Wallace was not required to sign the indemnity agreement, but did so of her own volition; 4) the hold harmless provision of the MSA did not constitute alimony, maintenance or child support and was not excepted from discharge under § 523(a)(5) or (a)(15); 5) the indemnity agreement with the insurance company and underlying contract are not a marital debt and are not covered under the hold harmless provision; and 6) his bankruptcy case was improperly reopened because he was discharged and no statutory exception applied.

On February 13, 2009, Wallace filed a motion for judgment on the pleadings. She argued that the hold harmless provision of the MSA is nondischargeable under 11 U.S.C. § 523(a)(5). Marble did not file any response to Wallace's motion for judgment on the pleadings. Instead, on February 18, 2009, he filed a summary judgment motion. Marble argued that his bankruptcy case was

---

[3]     The state court had jurisdiction to determine the dischargeability of this debt. *Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 770 (B.A.P. 8th Cir. 2009) ("Aside from determinations of dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6), state courts have concurrent jurisdiction to determine the dischargeability of a debt.") (citing 11 U.S.C. § 727(b); *Everly v. 4745 Second Ave., Ltd. (In re Everly)*, 346 B.R. 791, 796 (B.A.P. 8th Cir. 2006)).

improperly reopened because he was discharged in a pre-BAPCPA no asset case and that all of his debts were discharged because they were not subject to any statutory exceptions. The bankruptcy court ruled in favor of Wallace on her motion for judgment on the pleadings and denied Marble's summary judgment motion. *Wallace v. Marble (In re Marble)*, 419 B.R. 407 (Bankr. E.D. Mo. 2009).

## STANDARD OF REVIEW

We review *de novo* the grant of judgment on the pleadings. *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). Judgment on the pleadings is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). "We view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Id.* (citing *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004)). Although statutory exceptions to discharge are ordinarily construed narrowly, we liberally construe the exception under 11 U.S.C. § 523(a)(5). *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 750-51 (8th Cir. 1995).

## DISCUSSION

Prior to the 2005 amendments, 11 U.S.C. § 523(a)(5)(B) provided that a chapter 7 discharge does not discharge an individual from any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The bankruptcy court found on the pleadings that Marble's debt to Wallace under the MSA was 1) an obligation to a spouse, former spouse, or child of the debtor; 2)

4

the obligation arose in or was made in connection with a separation agreement; and 3) the obligation was in the nature of alimony, support or maintenance. *See McKinnis v. McKinnis (In re McKinnis)*, 287 B.R. 245, 250 (Bankr. E.D. Mo. 2002). The bankruptcy court looked only to the language of the MSA, which was attached to the complaint and also to the defendant's answer and his summary judgment motion.[4] The validity of the MSA was not disputed.

On appeal, Marble challenges[5] only the determination that the obligation arose in or was made in connection with a separation agreement. Marble's primary argument is that his debt to Wallace occurred before the divorce rather than in the course of the divorce, and therefore is dischargeable. Marble fundamentally misunderstands the nature of the debt that Wallace is seeking to except from discharge. Marble is correct that Wallace's original debt to the insurance company arose out of the indemnity agreement with the insurance company prior to the state court's dissolution order. However, Marble's debt to Wallace arises from his obligation to hold her harmless under the indemnity agreement in the judgment for

---

[4] On a motion for judgment on the pleadings, it is proper for a court to consider a document where the document was attached to the complaint, necessarily embraced by the pleadings, and its contents were not disputed by the parties. *See Surgical Synergies v. Genesee Assocs., Inc.*, 432 F.3d 870, 873 n. 3 (8th Cir. 2005) ("The district court properly considered the stock purchase agreement along with the pleadings because it was attached to the complaint and was 'necessarily embraced by the pleadings.'"); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (finding that on a motion for judgment on the pleadings, the district court properly relied on a transcript of court proceedings from previous litigation involving the same parties).

[5] Marble also argues that his debt to Wallace is not a "domestic support obligation" as defined by 11 U.S.C. § 101(14A), which was part of the BAPCPA amendments. This argument is irrelevant because the phrase "domestic support obligation" does not even occur in the pre-BAPCPA § 523(a). Section 101(14A) is inapplicable to Marble's case because it was added to the Code after Marble filed his case and in any event, does not change the meaning of the pre-BAPCPA § 523(a)(5).

dissolution of marriage, creating a new debt. The debt was therefore clearly an obligation that arose in or was made in connection with a separation agreement. *See Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983) ("[U]ndertakings by one spouse to pay the other's debts [. . .] can be 'support' for bankruptcy purposes."); *Burton v. Burton (In re Burton)*, 242 B.R. 674, 678 (Bankr. W.D. Mo. 1999) ("a 'new' debt is created between a debtor and his ex-spouse when, pursuant to a divorce decree, the debtor is ordered to assume a credit card debt incurred jointly during the marriage and ordered to hold the ex-spouse harmless for that debt.").

## CONCLUSION

Because we find no error in the bankruptcy court's determination that the appellant's debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(5)(B), we affirm.

-------------------------------------------------